IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JOSEPH Wm. BAILEY | § | |
| | § | |
| VS. | § | |
| | § | CIVIL ACTION NO. 2-03CV-457 |
| KARREN PRICE, Individually and Acting | § | |
| In Her Official Capacity as District | § | |
| Attorney of Shelby County, Texas | § | |

**DEFENDANT, KARREN PRICE, INDIVIDUALLY AND ACTING IN HER OFFICIAL CAPACITY AS DISTRICT ATTORNEY OF SHELBY COUNTY, TEXAS' FIRST AMENDED ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, *Karren Price, Individually and Acting in Her Official Capacity as District Attorney of Shelby County, Texas*, Defendant herein, and files this her First Amended Answer to Plaintiff's Second Amended Complaint as follows:

A.  ADMISSIONS AND DENIALS

I.
PARTIES

1. Defendant does not have enough information to admit or deny, however it is Defendant's belief that the Plaintiff, Joseph Wm. Bailey, is a resident of Bolsier City, Louisiana.

2. Admit that Defendant Karren Price is an individual who is a citizen of the State of Texas. Defendant may be served with process at 236 Newman Street, Center, Texas 75935.

II.
JURISDICTION

3. Deny.

### III.
### CONDITIONS PRECEDENT

4. Deny.

### IV.
### FACTS

5. Admit.

6. Admit.

7. Defendant has no independent recollection at this time as to whether or not Vernon Garrett was on the prosecution's witness list for both Rodney Moore and Kenny Boyd. Defendant no longer has access to those files. Defendant does not have enough information to admit or deny what was expected of any anticipated testimony of Vernon Garrett.

8. Defendant admits that the Plaintiff was indicted for tampering with a witness.

9. Defendant does not have enough evidence to admit or deny these allegations.

10. Defendant does not have enough evidence to admit or deny these allegations.

11. Defendant does not have enough evidence to admit or deny these allegations.

12. Defendant does not have enough evidence to admit or deny these allegations.

13. Defendant does not have enough information to admit or deny what Mr. Garrett may have expected from offering his testimony. Defendant admits that Mr. Garrett wrote letters to Defendant. Defendant does not have sufficient information, at this time, to admit or deny the remaining allegations in this paragraph.

14. Defendant does not have sufficient information to admit or deny the allegations in paragraph 14.

15. Defendant does not have sufficient information to admit or deny the allegations in paragraph 15.

16. Defendant does not have sufficient information to admit or deny the allegations in paragraph 16.

17. Defendant does not have enough information to admit or deny the allegations in paragraph 17.

18. Defendant does not have enough information to admit or deny the allegations in paragraph 18.

19. Defendant does not have enough information to admit or deny the allegations in paragraph 19.  Defendant admits that she was present in Court during Boyd's trial when an audiotape was played.

20. Defendant admits to the first sentence of paragraph 20.  Defendant further admits that the conviction of Rodney Moore was reversed on appeal, but denies that it was due to any failure to provide favorable exculpatory evidence because any alleged evidence that was inadvertently not produced was neither favorable nor exculpatory, but rather the reversal was due to a procedural point.

21. Defendant admits that Plaintiff was indicted for the criminal offense of Tampering with a Witness.

22. Defendant does not recall whether or not Garrett testified in the Boyd trial. Defendant denies that she offered testimony "known by her to be false."

23. Defendant does not have enough evidence to admit or deny these allegations because Defendant was not privy to the special prosecutor's decision making process.

24. Denied.

25. Denied.

26. Defendant admits that the Plaintiff was appointed to represent Rodney Moore in his criminal trial.

27. Defendant admits that the Plaintiff was an outspoken critic of the Defendant. Defendant does not have sufficient evidence to admit or deny whether or not Plaintiff was quoted in the press or appeared in televised news interviews as she did not personally read any such comments in the press or television appearances.

28. Defendant denies that "Plaintiff alleged and proved that Defendant Price withheld exculpatory evidence."  Defendant admits that the conviction of Rodney Moore was reversed on appeal, but denies that it was due to any failure to provide favorable exculpatory evidence because any alleged evidence that was inadvertently not produced was neither favorable nor exculpatory, but rather the reversal was due to a procedural point.

29. Defendant denies that she intended to suborn perjury from Mr. Garrett. Defendant denies that charges filed against the Plaintiff were groundless or fabricated. Defendant denies that she engaged in professional misconduct.

30. Defendant has insufficient information to admit or deny the allegations in paragraph 30.

31. Denied.

32. Denied. Defendant specifically denies any basis to a claim that she acted individually. Defendant would argue that Plaintiff has sued Defendant in the wrong capacity as an individual as she is by law precluded from prosecuting the Plaintiff by any other means except through her official capacity as District Attorney. Defendant denies that she intentionally attempted to discredit the Plaintiff. Defendant denies that she intentionally damaged the Plaintiff's reputation or good name. Defendant denies that Defendant's prosecution of the Plaintiff was an attempt to punish the Plaintiff for investigating the case against Mr. Moore.

33. Defendant admits that Plaintiff may interview witnesses. However, Defendant would deny that the results of Plaintiff's interview with Garrett did not violate a statute or code of professional conduct. Defendant would further deny the allegation as it calls for a legal conclusion.

34. Defendant admits that Plaintiff was indicted for the criminal offense of Tampering with a Witness. Defendant denies the remaining allegations in this paragraph.

35. Denied.

36. Defendant denies that any acts by Defendant constitute a "deprivation of Plaintiff's rights, privileges and immunities." Defendant denies the allegations in paragraph 36(a) and 36(b). Defendant denies that Plaintiff has a cause of action under 42 USC 1983. Defendant denies that Plaintiff was maliciously prosecuted. Defendant denies there was an abuse of process. Defendant denies any acts by Defendant constituted "intentional infliction of emotional distress." Defendant denies that Plaintiff was falsely imprisoned.

37. Defendant denies that Plaintiff suffered any injuries or damages as the "direct and proximate cause of defendant's conduct".

38. Defendant denies that the Plaintiff is entitled to an award of attorney's fees under 42 U.S.C. §1988(b).

39. Defendant denies that Plaintiff is entitled to actual damages of $2,000,000.00 as set forth in his prayer for relief. Defendant denies that Plaintiff is entitled to any other damages asserted in his prayer for relief.

## B. AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant asserts that she is entitled to immunity (including, but not limited to absolute immunity, governmental immunity, legislative immunity, qualified immunity, quasi-judicial immunity, discretionary immunity, and/or good faith immunity) for the claims asserted against her by Plaintiff.

### Second Affirmative Defense

Defendant asserts that she is entitled to immunity (including, but not limited to governmental, legislative, and/or sovereign immunity) to the extent she has been sued in her capacity as District Attorney of Shelby County, Texas.

### Third Affirmative Defense

Defendant asserts that Plaintiff failed to exhaust prior administrative and judicial remedies before proceeding with this lawsuit.

### Fourth Affirmative Defense

Defendant asserts that the Plaintiff failed to complete pre-litigation requirements, more specifically notice requirements under the Texas Tort Claims Act before proceeding with this lawsuit.

### Fifth Affirmative Defense

Defendant asserts that the Plaintiff's claims against this Defendant are barred by the applicable statute(s) of limitations.

## C. PRAYER

For these reasons, Defendant, Karren Price, Individually and acting in her official capacity as District Attorney of Shelby County, Texas, asks this Court to enter a judgment that Plaintiff take nothing, dismiss Plaintiff's suit with prejudice, assess costs against the Plaintiff, and award Defendant all other relief, both in law and in equity, to which she may be justly entitled to receive.

        FAIRCHILD, PRICE, THOMAS
        & HALEY, L.L.P.
        P.O. DRAWER 631668
        NACOGODCHES, TEXAS 75963-1668
        (936) 569-2327
        (936) 569-7932


    By: /s/ Clayton H. Haley_____
        CLAYTON H. HALEY,
        Texas State Bar No. 08738460
        ATTORNEY FOR DEFENDANT,
        KARREN PRICE, Individually and
        In Her Official Capacity as District
        Attorney of Shelby County, Texas


## **CERTIFICATE OF SERVICE**

   Pursuant to Rule *5(b)* of the Federal Rules of Civil Procedure, the undersigned certifies that on the 2nd day of November, 2005, a true and correct copy of the foregoing document was delivered to the following counsel of record in the manner indicated:

Joseph W. Greenwald, Sr.
Greenwald Law Firm
401 Market Street, Ste. 1200
Shreveport, Louisiana 71101
*Via CM/ECF*


        _/s/_____
        CLAYTON H. HALEY